# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>DAVID HARVILLA<br>    Debtor | Case No. 20-12645-mdc |
| WELLS FARGO BANK, N.A.<br>    Movant | Chapter 13 |
| vs.<br>DAVID HARVILLA<br>DARLENE A. HARVILLA (NON-FILING CO-DEBTOR)<br>    Respondents | 11 U.S.C. §362 and §1301 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 AND §1301 CO-DEBTOR STAY PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and Co-Debtor stay and leave to proceed with its state court rights on its mortgage on real property owned by David D. Harvilla (the "Debtor"), and non-filing Co-Debtor, Darlene A. Harvilla.

1. Movant is Wells Fargo Bank, N.A.

2. Debtor, David D. Harvilla, and non-filing Co-Debtor Darlene A. Harvilla are the owners of the premises located at 503 South Queen Anne Drive, Fairless Hills, Pennsylvania 19030 hereinafter known as the mortgaged premises.

3. Movant is the holder of a mortgage on the mortgaged premises.

4. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5. The following chart sets forth the number and amount of post- payments due pursuant to the terms of the Note that have been missed as of July 18, 2022:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 3 | 05/01/2022 | 07/01/2022 | $1,459.81 | $4,379.43 |
| | | | Less partial payments (suspense balance): | ($90.37) |

**Total: $4,289.06**

6. A post-petition payment history is attached hereto as Exhibit "A".

7. The next payment is due on or before August 1, 2022 in the amount of $1,459.81. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

8. Movant has cause to have the Automatic Stay terminated as to permit Movant to proceed with its state court rights pursuant to the mortgage contract.

9. Movant specifically requests permission from the Honorable Court to communicate with and Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

10. Movant, it's successors and assignees posits that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay and co-debtor stay.

11. Movant additionally seeks relief from the co-debtor stay under §1301 (c) (if applicable) in the instant case, as the continuation of the co-debtor stay causes irreparable harm to the Movant. Movant may be barred from moving forward with its state court rights under the terms of the mortgage without relief from the co-debtor stay.

12. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 and Co-Debtor Stay under Section 1301 with respect to 503 South Queen Anne Drive, Fairless Hills, Pennsylvania 19030 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. That relief from any Co-Debtor Stay (if applicable) is hereby granted; and

c. Movant specifically requests permission from this Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and

d. Holding that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

e. Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

      f.      Granting any other relief that this Court deems equitable and just.

Dated: **July 27, 2022**

                                          */s/Andrew Spivack*
                                          Andrew Spivack, PA Bar No. 84439
                                          Matt Fissel, PA Bar No. 314567
                                          Mario Hanyon, PA Bar No. 203993
                                          Ryan Starks, PA Bar No. 330002
                                          Jay Jones, PA Bar No. 86657
                                          Attorney for Creditor
                                          BROCK & SCOTT, PLLC
                                          8757 Red Oak Boulevard, Suite 150
                                          Charlotte, NC 28217
                                          Telephone: (844) 856-6646
                                          Facsimile: (704) 369-0760
                                          E-Mail: PABKR@brockandscott.com